FILED
November 16, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003905256

C. Anthony Hughes SBN: 250998
1395 Garden Highway, Suite 150
Sacramento, CA 95833
Ph:  916.440.6666
Fax: 916.254.6666
Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

In re:

GARY HALLER,

    Debtor.

Case No. 2011-46819
Chapter 7
Docket Control No.: CAH-001

Judge: Thomas Holman
Date: 01/03/2012
Time: 09:32 AM
Place: 501 I Street, 6th Floor
       Sacramento, CA 95814
       Department B– Courtroom 32

Trustee: Sheri L. Carello

**MOTION FOR ORDER COMPELLING ABANDONMENT OF THE ESTATE'S INTEREST IN DEBTOR'S BUSINESS AND PHYSICAL ASSETS**

GARY HALLER, the Debtor herein, hereby moves this court for an Order Compelling Abandonment of the Estate's interest in the Debtor's Business. This Motion is based on the following facts:

1. As shown in the filed schedules of this case, the Debtor operates a sole proprietor business, named "Capitol Coffee." Said business is located at 1315 10th Street, Sacramento, CA 95814.

2. The Debtor's tools of the trade, equipment, and other business-related assets (hereinafter, "BUSINESS ASSETS") have been disclosed in detail in the filed Schedule B (See Exhibit #A attached hereto). The business assets in this case consist of the business,

In re: Haller

miscellaneous used construction tools used for remodeling business. The debtor has placed values on these assets in the aggregate total of $2,500.00.

3. As shown in Schedule C (see exhibit #B attached hereto), the Debtor has claimed exemptions totaling $2,500.00 against the values of the BUSINESS ASSETS.

4. In summary:

   |   |   |   |
   |---|---|---|
   | A. | Gross value of BUSINESS ASSETS | $3,025.00 |
   | B. | Liens against the BUSINESS ASSETS | $0.00 |
   | C. | Gross Equity | $3,025.00 |
   | D. | Exemptions claimed on BUSINESS ASSETS | -$3,025.00 |
   | E. | Net value of BUSINESS ASSETS to the estate | $0.00 |

5. The Debtor asserts that there does not appear to be any business equipment or inventory that can be profitably liquidated by the Trustee over and above (a) the liens, if any, in Schedule D attaching to the business-related assets and (b) the exemptions, if any, in Schedule C claimed by the Debtor. The assets were exempted under C.C.P. 703.140(b)(6) and C.C.P. 703.140(b)(5), there remains an additional unused $542.00 in the exemption.

6. The business itself has no net sale value to benefit the bankruptcy estate.

7. The Debtor is aware that, under the provision of Title 11, US Codes §721, only the Trustee has the authority to operate the Debtor's business; and then, only with an order of the Court. Otherwise, the Trustee is entitled to shut down the business or abandon the estate's interest in the business.

8. However, the Debtor asserts that , based on the lack of any unexempted equity in any business-related asset, equipment or inventory, there is no benefit to the estate to either operating or shutting down this business.

9. Federal Rule of Bankruptcy Proceeding 6007(b) permits a party in interest, including the Debtor, to file a motion seeking to compel the Trustee to abandon property of the estate.

**Wherefore**, the Debtor moves this Court to issue an Order Compelling the Trustee to abandon the Estate's Interest in the Debtor's Business.

Respectfully submitted,

Dated: 11/16/2011     By:/s/ C. Anthony Hughes
          C. Anthony Hughes